Aguiar, J.
This appeal raises the issue of whether the trial judge erred in ruling that there was sufficient evidence to find the defendant individually liable.
We find no error.
Plaintiff sold and delivered electrical supplies having a value of $11,325.51. The issue of dispute between the parties is whether plaintiff dealt with defendant as an individual or as an officer of a corporation. The Court found for the plaintiff.
Plaintiff’s evidence tended to show that it sold and delivered the goods to “Community Planning,” a name under which the defendant conducts business as an individual. Lydia V. Taglieri, the owner and operator of the plaintiff’s corporation, testified that she met with the defendant, Franklin W. Simon, in his office and the sign on the door read “Community Planning.” She further testified that in the past the plaintiff had conducted at least one similar business transaction with the defendant -with regard to another project known as Canterbury Arms. She also said that the defendant was regularly billed under the name of Community Planning and that at no time was the plaintiff ever advised it was dealing with defendant in his corporate capacity.
Defendant’s evidence tended to show that although he maintains an identity as an individual doing business as “Community Planning and Development Associates,” defendant denies ever having transacted with the plaintiff as “Community *198 Planning.” Defendant testified that the goods were ordered, purchased and received by “Community Construction, Inc.,” the general contractor for the condominium project known as Greystone Condominium Inc. The defendant testified that the goods were ordered for installation in the Greystone Condominiums.
There was other conflicting evidence. Plaintiffs witness testified that during the October 1990 transaction she had never heard of Community Construction, Inc. Defendant offered evidence that a purchase order was placed by the defendant with the plaintiff under the name of “Community Const.” Plaintiff testified that she never noticed the term “Const.” on the purchase order. Robert Levine, the project manager, testified that when bills were received from plaintiff, he noticed the use of the name “Community Planning” and called the error directly to the attention of Ms. Lydia V. Taglieri. Mr. Levine also stated that he provided plaintiff with a business card which had his name as well as the name Community Construction, Inc. printed on it.
Ms. Taglieri testified that when defendant failed to pay the invoices, she had a conversation with Mr. Simon, who assured her that money would be forthcoming. Mr. Simon denies the conversation with the plaintiff.
Defendant contends that Community Construction Inc., of which he is a shareholder and officer, incurred the obligation for this debt to the plaintiff in its corporate capacity. Defendant argues that the plaintiff has not produced the quantum of evidence necessary to justify a “piercing of the corporate veil” so as to impose on Franklin W. Simon individually this liability.
Plaintiff argues that the plaintiff dealt with the defendant as an individual right from the beginning and that it is unnecessary to pierce the “corporate veil” where the contracting parties were Franklin W. Simon (an individual) and the plaintiff.
The trial judge found for the plaintiff in the amount of $11,325.51 plus interest and costs.
The Court believed that Franklin W. Simon did transact business with the plaintiff as an individual. There was conflicting evidence on this point and the trial judge, as the trier of fact, decided that the plaintiff was credible. The judge acted lawfully in this regard and did not abuse her discretion. This is not a case of piercing the “corporate veil.” No such claim was raised at trial. The issue is one of credibility. The question at trial was: who ordered the goods, to whom were they invoiced, and who was to pay? The Court supplied the answer: Franklin W. Simon. We find no error.
Judgment is affirmed and the Report is dismissed.